**Esther LAW, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 84–213.**

District of Columbia Court of Appeals.

Argued Jan. 10, 1985.

Decided Feb. 21, 1985.

---

Anthony M. Rachal III, Washington, D.C., for appellant.

Michael J. Ryan, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence and Charles F. Flynn, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER, FERREN, and ROGERS, Associate Judges.

NEBEKER, Associate Judge:

Appellant seeks reversal of the trial court's order denying her motion to inspect and reproduce grand jury minutes, assertedly needed in her civil suit for malicious prosecution and false arrest. Finding that the trial judge had insufficient information upon which to base an exercise of discretion, we remand the case with instructions that the trial court conduct an *in camera* inspection of the requested grand jury materials.

On August 18, 1982, a Superior Court grand jury indicted appellant on three counts of embezzlement, D.C.Code § 22-1202 (1981), in connection with her job as head cashier at Howard University Hospital. The indictment was subsequently dismissed at the government's request, and appellant commenced her civil action thereafter. *Esther Law v. Howard University, et al.*, Civil Action No. 2137-83 (D.C.Super. Ct., filed Feb. 23, 1983). In December 1983, appellant moved for inspection and reproduction of the grand jury minutes in her criminal case, and she appeals from the denial of that motion.

Super.Ct.Crim.R. 6(e)(2) forbids disclosure of "matters occurring before a grand jury." Rule 6(e)(3)(C)(i) delineates an exception to the general rule and permits disclosure "[w]hen [it] is so directed by an order of a court within the District of Columbia preliminarily to or in connection with a judicial proceeding." This rule is based upon Rule 6(e) of the Federal Rules of Criminal Procedure; thus cases construing the federal rule are instructive.

In *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), the Supreme Court articulated a three-part test for determining when grand jury materials may be released

pursuant to the judicial proceedings exception. The moving party must show that: (1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials. *Id.* at 222, 99 S.Ct. at 1674. The Court has further required that there be a "strong showing of particularized need." *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 434, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983). Appellant asserts a need to review the testimony of Celestine Rahman and Demetrius Petillo, former co-workers, and Beauford Massey, the Hospital's head of security. While being deposed in the civil matter, neither Rahman nor Massey could remember what they had said to the grand jury. Petillo reportedly provided written statements during the criminal investigation which conflicted with his deposition testimony. Appellant thus claims that the grand jury minutes are necessary for refreshing these witnesses' recollection or for impeachment. In *United States v. Proctor & Gamble,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), the Supreme Court cited witness impeachment and refreshing recollection as examples of sufficient particularized need. *Id.* at 683, 78 S.Ct. at 987.

In countering appellant's asserted need, the government points out that appellant has written statements from Rahman and Petillo, as well as a memorandum from Massey to the Hospital Director which detailed Massey's investigation and included thirteen attachments. Thus, reasons the government, appellant already has sufficient information with which to refresh recollection or impeach. However, appellant advises, and the government does not contest, that the available documents, few of which are in the record, concern primarily the theft of patient valuables. Although a corresponding grand larceny charge was presented to the grand jury, appellant was indicted only for embezzling hospital funds. Thus, according to her, the documents provided to her were in large part irrelevant to the facts underlying the embezzlement counts.

In determining whether grand jury transcripts ought to be released, a trial court is "infused with substantial discretion." *Douglas Oil Co. v. Petrol Stops Northwest, supra,* 441 U.S. at 223, 99 S.Ct. at 1675. *Johnson v. United States,* 398 A.2d 354 (D.C.1979), sets out the factors that an appellate court must consider when it reviews an exercise of discretion by the trial court. They include: (1) whether the determination was committed to the trial court's discretion; (2) if the trial judge recognized his discretionary powers, whether he purported to exercise them; (3) whether the record reflected sufficient facts upon which the determination was based; and (4) whether the court exercised its discretion erroneously, and if so, whether the error requires reversal. *Id.* at 363–66. In this case, it is not clear whether Judge Greene exercised his discretion and made a determination that the need for continued secrecy of the grand jury materials outweighed appellant's asserted need for them.[1]

Accordingly, we vacate the order denying production of the witnesses' grand jury testimony and remand the case with instructions that the trial court conduct an *in camera* inspection of the requested grand jury materials and again rule on the motion.

*So ordered.*

---

1. Had appellant's criminal case proceeded to trial, she would have been given access to the requested grand jury materials, absent a strong reason for maintaining secrecy. *See Allen v. United States,* 129 U.S.App.D.C. 61, 66–67, 390 F.2d 476, 481–82 (1968). Thus the government's general assertion of a continued need for secrecy, which does not address information specific to these grand jury materials, is not compelling.